Case 2:22-cv-00296   Document 21   Filed on 05/24/23 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
May 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT ROSALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00296 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Robert Rosales (#02364031), is a Texas state prisoner currently incarcerated in the Stringfellow Unit of the Texas Department of Criminal Justice, Institutional Division in Rosharon, Texas. Proceeding *pro se*, he filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 29, 2022, challenging his 2021 Nueces County murder conviction.[1] (D.E. 1). Respondent filed an Answer, construed as a Motion for Summary Judgment,[2] on February 15, 2023 to which Petitioner filed a response, after being granted extensions, on May 3, 2023. (D.E. 14 and D.E. 20). This case has been referred to the undersigned for case management. For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary Judgment

---

[1]The petition was signed on November 29, 2022 and received by the Court on December 12, 2022. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

[2]In future cases, counsel for Respondent is cautioned that dispositive motions must be filed separately from any answer and/or must be filed as a motion.

be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**. (D.E. 14). It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

I.     **JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction is proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961.

II.     **BACKGROUND**

On September 1, 2021, after pleading guilty, Petitioner was convicted of murder in the 214th District Court of Nueces County, Texas, Case Number 19FC-4797F, and sentenced to 30 years imprisonment. (D.E. 13-1, Pages 539-40). Petitioner, having waived his right to appeal, did not file one. (D.E. 1, Page 2). Petitioner filed an application for a state writ of habeas corpus on June 27, 2022 which was denied "without written order on findings of trial court without hearing and on the court's independent review of the record" by the Texas Court of Criminal Appeal ("TCCA") on November 16, 2022. (D.E. 13-1, Pages 511-12 and D.E. 13-2). Petitioner filed the pending federal habeas action on November 29, 2022. (D.E. 1).

## III.  APPLICABLE LEGAL STANDARDS

### A.  Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…"). However, Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. *Smith*, 311 F.3d at 668. Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. § 2254(e)(1); *Id*.

B.  **Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254**

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an

unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[3] Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Richter*, 562 U.S. at 101-02. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no

---

[3] The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits. *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." *Richter*, 562 U.S. at 102. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 103.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. In addition, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 784.

**IV.    PETITIONER'S ALLEGATIONS OF ERROR**

Petitioner raises several grounds for relief asserting his guilty plea was involuntary because he received ineffective assistance of counsel. More specifically, Petitioner asserts his counsel was ineffective because: (1) counsel insisted he accept the plea offer, thereby depriving him of a jury trial and the ability to argue a "crime of sudden passion" defense; (2) counsel failed to explain to him the option of having a trial by judge on the "crime of sudden passion" defense; and (3) counsel deprived him of the opportunity to apologize to the victim's family following the victim impact statement. (D.E. 1, Pages 5-9). Petitioner also asserts his plea was involuntary because his counsel failed to consider or raise a

defense related to Petitioner's competency or sanity as Petitioner "attempted suicide several times after the alleged criminal incident." (D.E. 1, Page 10). Finally, Petitioner argues his sentence is void because his counsel's errors rendered his plea involuntary. (D. E. 1, Pages 10-11). The undersigned recommends each of these arguments is without merit, as discussed below.

V.     **DISCUSSION**

Underlying the majority of Petitioner's claims is Petitioner's assertion that his plea was involuntary. Respondent argues this claim is controverted by the trial court record. (D.E. 13, Pages 6-12). For the reasons stated below, the undersigned recommends Petitioner's guilty plea was both knowing and voluntary.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) ("On federal habeas review, a guilty plea which was voluntarily entered by a defendant who understood the nature of the charges and consequences of the please will pass constitutional muster"); *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000) (same) (citation omitted). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Devill v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)). The Supreme Court has specifically held a guilty plea is a voluntary and intelligent choice among alternatives and

not compelled when it is entered to avoid a longer sentence. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "The Constitution requires that a defendant be advised and understand the consequences of a guilty plea," meaning "only that the defendant must know the maximum prison term and fine for the offense charged." *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990). The requirement that a guilty plea be intelligently made "is not a requirement that all advice offered by the [Petitioner's] lawyer withstand retrospective examination in a post-conviction hearing." *McMann v. Richardson*, 397 U.S. 759, 770 (1970) (A guilty plea based on reasonably competent advice is an intelligent plea); *see also James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.") (citations omitted).

Petitioner has failed to show he was inadequately informed of the nature of the charges against him prior to his guilty plea. Further, the record contradicts Petitioner's claim that his attorney coerced his guilty plea. Instead, it indicates he was fully informed about the consequences of his plea and was entering the plea voluntarily after he was informed of the offense he was charged with and the possible sentence length. On August 2, 2021, Petitioner signed a judicial confession and stipulation that his "plea is freely, voluntarily, knowingly, and intelligently given." (D.E. 13-1, Page 9). Petitioner further averred his "attorney has investigated the facts and circumstances surrounding my case, discussed those with me, and advised me of possible defenses. I am satisfied with my

8 / 17

attorney's representation. I am pleading guilty to the offense of MURDER because I am guilty." (D.E. 13-1, Page 9) (emphasis in original). Petitioner also "judicially confess[ed] that on October 15, 2019, in Nueces County, Texas, I, ROBERT ROSALES, did then and there, with intent to cause serious bodily injury to an individual, namely Dolores, hereafter styled the complainant, commit an act clearly dangerous to human life that caused the death of the complainant by hitting Dolores Salazar with a hammer." (D.E. 13-1, Page 9). He also signed a plea agreement that he was pleading guilty to murder as charged and would be assessed a punishment of 30 years confinement. (D.E 13-1, Page 7). The punishment range for his murder charge was five to 99 years or life imprisonment. (D.E. 13-1, Page 6; Tex. Penal Code. §§ 12.32 and 19.02(c)).

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted); *Hobbs*, 752 F.2d at 1081-82 (Such official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight.") (citations omitted); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

Based on the record, the undersigned recommends the guilty plea should be upheld. Petitioner has not shown his guilty plea was not entered knowingly, voluntarily and intelligently. There is no evidence in the record to support Petitioner's contention that he was coerced into the plea agreement. Further, the state court found Petitioner's arguments

on this issue to be without merit, which was adopted by the Texas Court of Criminal Appeals. (D.E. 13-1, Page 551 and D.E. 13-2). Petitioner makes no sufficient substantive argument that the state habeas court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. Therefore, Petitioner fails to meet his burden under AEDPA that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.")

Respondent further contends because of Petitioner's guilty plea, he waived allegations of ineffective assistance of counsel that occurred prior to his plea. The undersigned agrees. By entering a knowing and voluntary guilty plea, Petitioner waived all non-jurisdictional deprivations that occurred prior to the plea. *Tollet v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") When a criminal defendant enters a guilty plea, he waives all non-jurisdictional defects, except those claims of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citation omitted). Petitioner has not alleged facts showing

ineffective assistance of counsel relating to a knowing and voluntary guilty plea, instead arguing his counsel failed to explain to him the option of having a trial by judge on the "crime of sudden passion" defense and deprived him of the opportunity to apologize to the victim's family following the victim impact statement. (D.E. 1, Pages 5-9).

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*. 466 U.S. 668 (1984). Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. *Id.* at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. at 267. To demonstrate prejudice in connection with a guilty plea, the petitioner must show that there is a reasonable probability that but for counsel's errors, he would not have pled guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Glinsey*, 209 F.3d 386, 392 (citing *Hill*, 474 U.S. at 59). Here, as further discussed below, Petitioner faced a possible sentence of life

in prison for murdering a sleeping victim that he had previously physically abused and who had previously attempted to end the relationship, all while he was using cocaine. (D.E. 13-1, Page 545). Counsel's advice to accept a thirty-year sentence as part of a plea agreement was clearly within the range of competence demanded of attorneys in criminal cases. Further, as discussed above, it is respectfully recommended that Petitioner has not shown that his guilty plea was entered into unknowingly and involuntarily and therefore, it further recommended that his claims of ineffective assistance of counsel should be dismissed.

Petitioner's counsel submitted an affidavit as part of the state habeas review which states Petitioner "upon finding some sexually explicit photos of his long-time companion/alleged victim on her phone, decided to kill her with a hammer by striking her in the head several times while she lay asleep, alone, and in her bed." (D.E. 13-1, Page 544). Petitioner's counsel further averred he spent "much time counseling with [Petitioner] discussing the strengths and weaknesses of the 'crime of passion' defense" and why it might be unsuccessful, including that Petitioner sought out and killed the sleeping victim who was alone at the time of her murder after viewing pictures of events that had already taken place, there was evidence the victim had sought to end her relationship with Petitioner, Petitioner had been physically abusive to the victim during the relationship and Petitioner relied on her financially as he was unemployed. (D.E. 13-1, Page 545). While averring he "was prepared to try the case to a jury," Petitioner's counsel stated Petitioner "weighed the risks and chose to waive his rights to plead guilty to the plea bargain agreement." (D.E. 13-1, Page 545). While Petitioner argues he was on a "cocaine binge"

12 / 17

at the time of the murder, Petitioner's counsel avers Petitioner "admitted [to him] that, at the time of the offense, he knew the difference between right and wrong, thereby making the defense of insanity unlikely to prevail." (D.E. 13-1, Page 545 and D.E. 20, Pages 8-10). Further, Petitioner's counsel also averred there was "no indication that [Petitioner] was incompetent to stand trial [and] [r]egarding the drugs taken by [Petitioner]…[he explained] voluntary intoxication is no defense, with some factfinders believing that voluntary intoxication is mitigation, and others believing it to be aggravating." (D.E. 13-1, Page 546). As to the alleged error regarding the victim impact statement, Petitioner's counsel averred the trial judge "decided to end the proceeding to maintain order in the court" as the victim impact procedure is "generally not to allow the [Defendant] to make a statement" and "the statements were quite emotional and vitriolic towards" Petitioner. (D.E. 13-1, Pages 545-546). In short, Petitioner's counsel averred Petitioner "review[ed] the law, evidence, the different options and consequence of each option, and the plea bargain with [him and] freely, voluntarily, knowingly, and intelligently waived his rights, and pleaded guilty pursuant to the plea agreement…[after being] fully admonished by the Court about his rights and the waiver of said rights both in writing and orally prior to taking [Petitioner's] plea and before making any finding on his guilt." (D.E. 13-1, Page 546). There is no evidence or argument supporting Petitioner's ineffective assistance of counsel allegations other than Petitioner's own conclusory statements. Petitioner fails to demonstrate how counsel was deficient or how he was prejudiced. Therefore, the undersigned recommends Petitioner's claims of ineffective assistance of counsel be denied.

Further, the state habeas court determined Petitioner "has failed to show that his trial counsel performed deficiently or that he was prejudiced by his trial counsel's actions. The Court finds that trial counsel provided effective assistance of counsel under *Hill v. Lockhart* and *Strickland v. Washington*." (D.E. 13-1, Page 551 and D.E. 13-2).  Petitioner makes no sufficient substantive argument that the state habeas court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented.  Therefore, Petitioner fails to meet his burden under AEDPA that there was no reasonable basis for the state court to deny relief.  *Richter*, 526 U.S. at 98.

Additionally, the undersigned recommends Petitioner's request for an evidentiary be denied as his claims were rejected on the merits by the state habeas court and he has failed to allege facts entitling him to relief for the reasons state above.

## VI.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues

before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended Petitioner does not demonstrate these standards. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended the COA be denied because he has not made the necessary showing for issuance.

## VII. RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim be

15 / 17

**DISMISSED**. (D.E. 14). It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

ORDERED on May 24, 2023.

                                                          Jason B. Libby
                                     United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).